**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MARVIN D. DAVEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:05-cv-172-SEB-VSS |
| ) | |
| TRACIE, Charge Nurse, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Relief From Judgment or Order**

In denying the defendant's motion to dismiss for failure to state a claim upon which relief can be granted, the court also denied the plaintiff's request that the court "review the Indiana State Department of Health investigation report of an expert witness Dean Guthery RN." The court explained in making this ruling that it "is not an investigative entity, and its assessment of the defendant's motion to dismiss is based solely on the legal sufficiency of the complaint."

The plaintiff, a state prisoner, seeks reconsideration of the ruling of December 12, 2005. In doing so, he seeks declaratory judgment as to certain factual contentions he believes supports his Eighth Amendment claim of the denial of constitutionally adequate medical care and seeks the issuance of an injunction and the award of compensatory and punitive damages.

In order to have a motion for reconsideration granted, the moving party must meet a high standard. Courts will rarely grant such motions because of their limited function. *Quaker Alloy Casting, Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988). These motions are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The plaintiff prevailed, of course, in resisting a Rule 12(b)(6) dismissal of his complaint. If he seeks reconsideration of that ruling he should make it clear. He has failed to show a sound basis for reconsideration of the other ruling in the Entry of December 12, 2005–or for reconsideration of any other prior ruling in this case, for that matter–and to that extent the motion for relief from judgment or order is **denied.**

Insofar as the plaintiff seeks other relief through his motion filed on January 3, 2006, the motion is **also denied**, because there is no evidentiary basis for the issuance of summary judgment at this point and the pleadings do not show that the plaintiff is entitled to judgment as a matter of law.

**IT IS SO ORDERED.**

Date: 01/13/2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Marvin D. Davey
DOC # 862279
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Susan E. Cline
LOCKE REYNOLDS LLP
scline@locke.com

Carrie Gibson Doehrmann
LOCKE REYNOLDS LLP
cdoehrmann@locke.com